Case 4:22-cv-03528   Document 24   Filed on 08/24/23 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRINYAH EL-BEY § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-3528 |
| § | |
| BERKSHIRE HATHAWAY HOME § | |
| SERVICES, *et al.*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court in this discrimination case are three motions: (1) a "motion for defamation and deformation" filed by Plaintiff Prinyah El-Bey ("El-Bey"); (2) a motion to dismiss filed by a group of defendants to which the Court will refer as "the original defendants" in the remainder of this opinion;[1] and (3) a motion to declare El-Bey a vexatious litigant filed by the original defendants.

El-Bey's "motion for defamation and deformation" (Dkt. 4) is construed as a motion for leave to file a supplemental complaint and is **GRANTED**. The original defendants' motion to dismiss (Dkt. 16) is **DENIED AS MOOT**. The original defendants' motion to declare El-Bey a vexatious litigant (Dkt. 17) is **DENIED**. El-Bey's claims under federal law are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") for failure to state a claim on which relief may be granted. The Court declines to

---

[1] The original defendants are: Berkshire Hathaway Home Services; Brazos Land Classic Realty; Brazos Land Realty, Inc.; BCR Realtors d/b/a Berkshire; Hathaway Home Services Caliber Realty; and Caliber Realty Agency: HOA. (Dkt. 1 at pp. 1–3).

exercise supplemental jurisdiction over El-Bey's claims under Texas state law, and those claims are accordingly **DISMISSED WITHOUT PREJUDICE**.

## FACTUAL AND PROCEDURAL BACKGROUND

In her pleadings, El-Bey, who is proceeding *pro se* and *in forma pauperis*, alleges that she moved from New York, New York to College Station, Texas to go to school and found an apartment at the Doubletree apartment complex in College Station through Defendant Berkshire Hathaway Home Services ("Berkshire Hathaway"). (Dkt. 1 at pp. 5–6, 15–16). She further alleges that she is disabled and wheelchair-bound and suffers from "a lot" of chronic health conditions, including "bad chronic Asthma[.]" (Dkt. 1 at p. 6). According to El-Bey, living in her apartment has become intolerable because one of her neighbors frequently smokes marijuana. (Dkt. 1 at pp. 6–7). El-Bey alleges that "Berkshire Hathaway [is] not doing anything" about the marijuana smoke, even though El-Bey "was force[d] to go to the ER" on one occasion because the smoke triggered her asthma. (Dkt. 1 at p. 7).

Emails attached to El-Bey's pleadings indicate that one of Berkshire Hathaway's property managers explained to El-Bey that Berkshire Hathaway's ability to act quickly to determine which neighbor was smoking marijuana and resolve the problem was somewhat limited because Berkshire Hathaway "do[es] not manage those properties that are contiguous to [El-Bey's]." (Dkt. 4 at p. 20). However, the Berkshire Hathaway property manager assured El-Bey that she had "consulted with the HOA Manager who ha[d] contacted the owners and managers of surrounding units[,]" adding that "[i]t may take a day or two but we will continue forward on figuring it out." (Dkt. 4 at p. 22). In a later

email, the Berkshire Hathaway property manager advised El-Bey to "call the non-emergency police department" if she smelled marijuana smoke again. (Dkt. 4 at p. 18). El-Bey does not plead any other facts describing specific communications with any of the defendants.

Before coming to this Court, El-Bey filed two repair-and-remedy actions in Texas justice-of-the-peace court under Subchapter B of Chapter 92 of the Texas Property Code. (Dkt. 1 at p. 12; Dkt. 4 at p. 10).[2] The first justice-of-the-peace action was dismissed without prejudice, while the second resulted in a take-nothing judgment after a bench trial. (Dkt. 1 at p. 12; Dkt. 17-5 at p. 1).

In her original complaint in this Court, El-Bey has pled causes of action against the original defendants under the Americans with Disabilities Act ("ADA"); the Fair Housing Act ("FHA"); and Texas landlord-tenant law. (Dkt. 1 at p. 5). El-Bey "ask[s] for the weed[]-smoker to stop smoking weed" inside his or her apartment, which the Court construes as a request for injunctive relief, and further requests compensation for her emergency room visit and for mental anguish. (Dkt. 1 at p. 9). El-Bey has also filed a "motion for defamation and deformation" that the Court construes as a motion for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). (Dkt. 4).[3] In the supplemental complaint, El-Bey alleges that the Berkshire Hathaway property manager

---

[2] Section 92.052 of the Texas Property Code provides that "[a] landlord shall make a diligent effort to repair or remedy a condition if . . . the condition . . . materially affects the physical health or safety of an ordinary tenant[.]" Tex. Prop. Code § 92.052(a).
[3] As the Court previously mentioned, El-Bey's motion for leave (Dkt. 4) is **GRANTED**. The Court has considered her supplemental complaint.

and El-Bey's neighbor, who were not named as defendants in El-Bey's original complaint, defamed her by showing some of her text messages to the judge during the trial of El-Bey's second Texas justice-of-the-peace action. (Dkt. 4 at pp. 1, 39–40).

The original defendants have filed a motion to dismiss all of El-Bey's claims (including the ones against the Berkshire Hathaway property manager and El-Bey's neighbor) under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 16). Before the original defendants filed their motion to dismiss, the Court held a pre-motion conference to give El-Bey a chance to file an amended complaint. (Dkt. 15). El-Bey did not attend the pre-motion conference, and she has neither sought leave to amend her complaint nor responded to the motion to dismiss. (Dkt. 15).[4]

## LEGAL STANDARD

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015).

When determining whether an *in forma pauperis* complaint states a claim on which relief may be granted, the district court must determine whether the complaint's allegations

---

[4] It appears that El-Bey may have moved without providing her new address to the Court. Several notices sent to the address that she originally gave the Court have been returned marked "Not deliverable as addressed, unable to forward." (Dkt. 1 at p. 18; Dkt. 20; Dkt. 21; Dkt. 22; Dkt. 23). *See also* Southern District of Texas case number 4:22-MC-1611 at docket entry 1-3, page 1. The Court notes that, if El-Bey has moved out of the Doubletree apartment complex, then the injunctive relief that she seeks may be moot.

satisfy the federal pleading standard. *Newsome*, 301 F.3d at 231; *see also Callins v. Napolitano*, 425 Fed. App'x 366 (5th Cir. 2011). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The Court concludes that El-Bey's claims under federal law are subject to dismissal under Section 1915. The Court declines to exercise supplemental jurisdiction over El-Bey's claims under Texas state law.

—*The ADA*

The first federal statute that El-Bey invokes is Title III of the ADA, under which she seeks to sue the original defendants. (Dkt. 1 at p. 5). El-Bey has not pled sufficient facts to establish a claim under Title III of the ADA.

"Title III of the ADA prohibits 'discriminat[ion] ... on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.'" *Prim v. Stein*, 6 F.4th 584, 595 (5th Cir. 2021) (quoting 42 U.S.C. § 12182). The definition of "public accommodation" includes "an inn, hotel, motel, or other place of lodging[.]" 42 U.S.C. § 12181(7)(A). El-Bey's pleadings specify that she is making a "policy modification" claim under 42 U.S.C. § 12182(b)(2)(A)(ii), which makes unlawful "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]" 42 U.S.C. § 12182(b)(2)(A)(ii). In order to establish a policy modification claim, a plaintiff must "identify a policy, practice, or procedure to modify" and must also show "that a modification was requested and that the requested modification is reasonable." *Prim*, 6 F.4th at 595 (quotation marks omitted).

El-Bey's factual allegations are not sufficient to establish a policy modification claim under the ADA. To begin with, "condominiums, along with apartments, are not considered 'public accommodations' as that term is defined by the Act and therefore, do not fall within the purview of the ADA." *Desch v. Wheatley*, No. 5:08-CV-922, 2010 WL 11506404, at *5 (W.D. Tex. Jan. 19, 2010), *adopted*, 2010 WL 11506405 (W.D. Tex. Mar. 18, 2010), *aff'd*, 421 Fed. App'x 394 (5th Cir. 2011); *see also Regents of Mercersburg*

*College v. Republic Franklin Insurance Co.*, 458 F.3d 159, 165 n.8 (3d Cir. 2006) ("We agree that residential facilities such as apartments and condominiums are not transient lodging and, therefore, not subject to ADA compliance."); *Williams v. Ladera Apartments*, No. 4:21-CV-154, 2021 WL 1691613, at *12 (E.D. Tex. Apr. 29, 2021) ("[T]hough courts are to liberally interpret the ADA, federal district courts have repeatedly found apartment complexes are not places of public accommodation."); *Felknor v. Tallow Wood Apartments*, No. 08-1092, 2009 WL 3230607, at *2 (W.D. La. Sept. 28, 2009) ("The Court agrees with Defendants that residential apartment complexes are not places of 'public accommodation' and, thus, not covered by the ADA.") (collecting cases). Since El-Bey's claims only relate to her apartment, she has not established that her ADA claims involve the requisite place of public accommodation.

Moreover, El-Bey has not identified a policy, practice, or procedure that she wants one of the defendants to modify, nor has she pled facts showing that she requested a reasonable modification. The emails attached to El-Bey's pleadings show only that one of Berkshire Hathaway's property managers "consulted with the HOA Manager" in an evident attempt to figure out which neighbor was smoking marijuana and then advised El-Bey to call the police if she smelled marijuana smoke again. (Dkt. 4 at pp. 18, 20, 22). There are no allegations or documents showing that any defendant refused any request by El-Bey for a reasonable modification of a policy, practice, or procedure.

El-Bey's factual allegations do not show that she was denied full and equal enjoyment of a place of public accommodation, as her apartment is not considered a place of public accommodation within the meaning of the statute. Moreover, El-Bey has not pled

sufficient facts to establish that any of the defendants, most of whom are never mentioned in her factual allegations, failed to implement a policy modification under Title III of the ADA. Accordingly, she has failed to state a plausible claim for relief under the ADA, and the Court will dismiss her claims under the ADA.

—*The FHA*

El-Bey next brings a reasonable accommodation claim under the FHA against the original defendants. (Dkt. 1 at p. 5). El-Bey has not pled sufficient facts to establish a reasonable accommodation claim under the FHA.

The FHA makes it unlawful to "refus[e] to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" 42 U.S.C. § 3604(f)(3)(B). To prevail on an FHA reasonable accommodation claim, a plaintiff must demonstrate: (1) that she is handicapped; (2) that she requested an accommodation in rules, policies, practices, or services and the defendant denied it; (3) that the requested accommodation is reasonable; and (4) that the requested accommodation is necessary to afford the plaintiff an equal opportunity (*i.e.*, equal to a non-handicapped person) to use and enjoy the dwelling. *Parada v. Sandhill Shores Property Owners Association, Inc.*, 604 F. Supp. 3d 567, 582 (S.D. Tex. 2022).

As with her ADA claim, El-Bey has not pled facts showing either that she requested a particular reasonable, necessary accommodation or that such a request was denied. Again, the emails attached to El-Bey's pleadings show only that one of Berkshire Hathaway's property managers "consulted with the HOA Manager" in an evident attempt to figure out

which neighbor was smoking marijuana and then advised El-Bey to call the police if she smelled marijuana smoke again. (Dkt. 4 at pp. 18, 20, 22). There are no allegations or documents showing that any defendant refused any request by El-Bey for a reasonable, necessary accommodation in rules, policies, practices, or services.

El-Bey has not pled sufficient facts to show that any of the defendants refused to make reasonable accommodations in rules, policies, practices, or services when such accommodations were necessary to afford El-Bey equal opportunity to use and enjoy her apartment. Accordingly, she has failed to state a plausible claim for relief under the FHA, and the Court will dismiss her claims under the FHA.

—*State-law claims*

El-Bey's remaining claims—her causes of action under Texas landlord-tenant law against the original defendants and her causes of action for defamation against her neighbor and the Berkshire Hathaway property manager—all arise under Texas state law. Having dismissed all federal causes of action in this case, the Court will decline to exercise supplemental jurisdiction over El-Bey's state-law claims.

Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that discretion is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The factors listed in 28 U.S.C. § 1367(c) are:

> (1) the claim raises a novel or complex issue of State law;

9 / 13

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d at 346. The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Having considered the statutory and common-law factors, the Court will follow the general rule, decline to exercise supplemental jurisdiction over El-Bey's state-law claims, and dismiss El-Bey's state-law claims without prejudice.[5]

—*The original defendants' request that the Court declare El-Bey a vexatious litigant and enter a pre-filing injunction against her*

Finally, the original defendants have filed a motion in which they ask the Court to declare El-Bey a vexatious litigant and "issue an injunction enjoining her from filing any lawsuits, pleadings or other papers in federal or state court, or any other forum, unless leave

---

[5] It is unclear whether El-Bey's justice-of-the-peace lawsuits have res judicata or collateral estoppel effect on any of her claims in this lawsuit. "Judgments from justice courts . . . are not accorded the same common law finality as judgments from other courts. Rather, section 31.005 of the Texas Civil Practice and Remedies Code abrogates the general common law rules of res judicata and collateral estoppel for justice courts and small claims courts." *Houtex Ready Mix Concrete & Materials v. Eagle Construction & Environmental Services, L.P.*, 226 S.W.3d 514, 519 & n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "Texas courts have interpreted [Section 31.005 of the Texas Civil Practice and Remedies Code] to mean that the doctrines of res judicata and collateral estoppel only bar claims 'actually litigated' in courts of limited jurisdiction." *Id.* It is not clear from the record which, if any, of El-Bey's claims in this lawsuit were litigated and dismissed on the merits in justice-of-the-peace court.

is first obtained from the Court." (Dkt. 17 at p. 5). The Court will deny the original defendants' request.

In determining whether it should impose a pre-filing injunction, "a court must weigh all the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). "Sanctions must be chosen to employ the least possible power to the end proposed. In other words, the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior." *In re First City Bancorporation of Texas Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (quotation marks and citations omitted); *see also Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 882 n.23 (5th Cir. 1988) ("We likewise believe that the imposition of sanctions must not result in total, or even significant, preclusion of access to the courts.").

Having considered the relevant circumstances in this case, the Court will not sanction El-Bey. The record does not reflect that a pre-filing injunction against her is warranted at this time. Although the original defendants have noted that El-Bey has filed at least 12 lawsuits against various parties in different jurisdictions around the nation over the last three years, this is the only lawsuit that El-Bey has filed against the original

defendants in a court of record,[6] and the extent to which this lawsuit is duplicative of her Texas justice-of-the-peace actions is not clear.

Additionally, the record shows that, while one of El-Bey's appeals to a Texas state appellate court was dismissed as frivolous, other lawsuits that she filed were dismissed for other reasons—such as failure to prosecute, failure to state a claim on which relief could be granted, or lack of subject matter jurisdiction—that do not necessarily evince conduct calling for sanctions of the magnitude that the original defendants request. (Dkt. 17-6 at p. 7; Dkt. 17-7 at p. 2; Dkt. 17-8 at p. 5; Dkt. 17-9 at p. 5; 17-11 at p. 2). It does not appear from the record that any of the other judges who have heard El-Bey's cases have entered filing injunctions against El-Bey or considered doing so. And while the federal claims that El-Bey brought in this Court were inadequately pled, El-Bey has not engaged in conduct before this Court that would justify the severe sanction of a preclusion order. *Cf. Baum*, 513 F.3d at 183–84 ("The district court admonished the [sanctioned parties] for wrongfully interfering in the case, wrongfully holding themselves out to be attorneys licensed to practice in Texas, lying to the parties and the court, and for generally abusing the judicial system."). Accordingly, the Court will deny the original defendants' request that the Court declare El-Bey a vexatious litigant and enter a pre-filing injunction against her.

---

[6] "In most Texas counties, . . . justice courts are not courts of record[.]" *Scott v. Flowers*, 910 F.2d 201, 203 (5th Cir. 1990); *see also* Court Structure Chart for the Texas judicial system, located at https://www.txcourts.gov/about-texas-courts.aspx ("All justice courts and most municipal courts are not courts of record.").

## CONCLUSION

The Court rules on the pending motions in this case as follows:

(1) Plaintiff Prinyah El-Bey's "motion for defamation and deformation" (Dkt. 4) is construed as a motion for leave to file a supplemental complaint and is **GRANTED**.

(2) The motion to dismiss filed by Defendants Berkshire Hathaway Home Services; Brazos Land Classic Realty; Brazos Land Realty, Inc.; BCR Realtors d/b/a Berkshire; Hathaway Home Services Caliber Realty; and Caliber Realty Agency: HOA (Dkt. 16) is **DENIED AS MOOT**.

(3) The motion to declare Plaintiff Prinyah El-Bey a vexatious litigant filed by Defendants Berkshire Hathaway Home Services; Brazos Land Classic Realty; Brazos Land Realty, Inc.; BCR Realtors d/b/a Berkshire; Hathaway Home Services Caliber Realty; and Caliber Realty Agency: HOA (Dkt. 17) is **DENIED**.

Plaintiff Prinyah El-Bey's claims under federal law are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff Prinyah El-Bey's claims under Texas state law, and those claims are **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, on _____August 24_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE